# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JACQUELYN A. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     1:09CV564 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Jacquelyn A. Harris seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on June 17, 2009, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

## The Claimant

Plaintiff Harris was born on June 15, 1956, and was 47 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work experience as a grocery store cashier/checker and a mail service carrier. Plaintiff alleges

disability as of November 23, 2003, due to a broken ankle with metal plates and eight screws and two cracked vertebrae in her back.

## The Administrative Proceedings

Plaintiff filed her applications for DIB and SSI on February 11, 2004, alleging disability as of November 23, 2003, due to a broken ankle with metal plates and eight screws and two cracked vertebrae in her back. Her claims were denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on January 18, 2006, with a supplemental hearing held on June 20, 2007 to allow for the hearing of expert testimony. A decision denying benefits was issued on July 3, 2007. Plaintiff filed a request for review, and on June 17, 2009, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1. Plaintiff meets the disability insured status requirements of the Social Security Act through December 31, 2008.

2. Plaintiff has not engaged in substantial gainful activity since November 23, 2003, her alleged onset date of disability.

3-4. Plaintiff's depression, status post left ankle fracture treated by open reduction and internal fixation, and compression fractures at L1 and L2 with chronic back pain are severe impairments, but do not meet or medically equal

one of the listed impairments in Appendix 1 to Subpart P of Social Security Regulation No. 4.

5. Plaintiff has the residual functional capacity to perform light work, but can lift 30 pounds occasionally. She is limited in that she can never climb ladders, scaffolding or ropes, should avoid uneven surfaces and is limited in her ability to crawl. She is also slightly limited in her ability to interact with supervisors and co-workers, moderately limited in her ability to understand, remember and carry out technical or complex job instructions, but not limited in her ability to perform simple jobs or 1-2 step job instructions, moderately limited in her ability to deal with the general public, slightly limited in her ability to maintain concentration and attention, and slightly limited in her ability to deal with the stress and pressures associated with an 8-hour work day and day-to-day work activity.

6. Plaintiff is not capable of performing her past relevant work.

7-9. Plaintiff was born on June 15, 1956, and is currently 51 years old, which is defined as an individual closely approaching advanced age. She has at least a high school education and can communicate in English. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Plaintiff is "not disabled" regardless of whether Plaintiff has transferable job skills.

10. Considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

11. Plaintiff has not been under a disability, as defined in the Social Security Act, from November 23, 2003, through the date of the decision.

The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2010). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on November 23, 2003, her alleged onset date of disability, and continued to meet them through December 31, 2008. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. Proceeding to steps two and three, the ALJ found that Plaintiff suffers from severe impairments including depression, status post left ankle fracture treated by open reduction and internal fixation, and compression fractures at L1 and L2 with chronic back pain, but does not have an impairment, or combination of impairments, that meets or equals the ones listed in Appendix 1, Subpart P, Regulations Number 4.

The ALJ continued his evaluation at step four, finding that Plaintiff has the residual functional capacity for light work, but can lift 30 pounds occasionally. She is limited in that she can never climb ladders, scaffolding or ropes, should avoid uneven surfaces and is limited in her ability to crawl. She is also slightly limited in her ability to interact with supervisors and co-workers, moderately limited in her ability to understand, remember and carry out technical or complex job instructions, but not limited in her ability to perform simple jobs or 1-2 step job instructions, moderately limited in her ability to deal with the general public, slightly limited in her ability to maintain concentration and attention, and slightly limited in her ability to deal with the stress and pressures associated with an 8-hour work day and day-to-day work activity. She is not, however, capable of performing her past relevant work. The ALJ concluded his evaluation at step five, finding that considering Plaintiff's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, and she is therefore not disabled.

In this action for judicial review, Plaintiff first argues that the ALJ committed reversible error by failing to give adequate weight to the opinion of Plaintiff's treating physician, Dr. Traci M. McMillian. (Docket No. 11, Pl.'s Br. in Supp. of Mot. for J. on the Pleadings, at 16.) Plaintiff argues that because Dr. McMillian is a treating physician, her opinion is entitled to great weight and may be disregarded only persuasive contradictory evidence exists to rebut it. (*Id.* at 14.)

At the outset, the Court notes that Plaintiff's phrasing of the "treating physician rule" is no longer the governing standard to be applied in evaluating the opinions of treating physicians. *See Stroup v. Apfel*, No. 96-1722, 2000 WL 216620, at *5 (4th Cir. Feb. 24, 2000)(*per curiam*)("The 1991 regulations supersede the 'treating physician rule' from our prior case law."); *Pittman v. Massanari*, 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001)(same); *Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996)(same); *Winford v. Chater*, 917 F. Supp. 398, 400 (E.D. Va. 1996)(same).

The current standard to be applied can be found in the current regulations which provide, in pertinent part, as follows:

> Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) . . . If we find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence . . . we will give it controlling weight.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). By negative implication, if a treating source's opinion is not supported by medically acceptable clinical and laboratory diagnostic techniques *or* if it is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996).

Dr. McMillian submitted responses to several impairment questionnaires, opining in each case that Plaintiff can neither sit nor stand for more than one hour total in an 8-hour work day and that Plaintiff is likely to miss work more than three times a month due to

chronic back pain and subjective weakness in her arms and legs. (*Id.* at 347-54; 394-99; 465-72.)[1] The ALJ found Dr. McMillian's statements regarding Plaintiff's symptoms and limitations "generally credible, but not to the extent alleged" because according to the medical expert, they are not well-supported by medically acceptable clinical, laboratory or diagnostic techniques and are not consistent with other substantial medical evidence in the record. (*Id.* at 29.) Based on the Court's review of the record as a whole, it finds that there is substantial evidence to support the ALJ's finding.

The Court first notes that Dr. McMillian qualified her own responses, stating that they were based on a "<u>limited</u>" evaluation of Plaintiff's back condition and that Plaintiff's treating neurosurgeon, Dr. Thomas A. Sweasey, likely had a better perspective on Plaintiff's limitations.[2] (*Id.* at 353)(emphasis in original.) She also stated that her January 19, 2006, opinion concerning Plaintiff's limitations was based on an interview with Plaintiff, rather than any objective examination. (*Id.* at 345.) The ALJ may properly accord minimal weight to a medical opinion that is based, as here, entirely on Plaintiff's subjective complaints. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

---

[1] The Court agrees with the Commissioner that Plaintiff does not argue that the ALJ erred in giving little weight to Dr. McMillian's assessment concerning Plaintiff's depression symptoms. (*See* Docket No. 14, Mem. in Supp. of Commr's Mot. for J. on Pleadings, at 8 n.2.) Accordingly, the Court will not address that finding here.

[2] According to Dr. McMillian's notes, Plaintiff told her that Dr. Sweasey refused to complete an impairment questionnaire. (Tr. at 359.) Dr. Sweasey's notes dated September 20, 2005, make no mention of a questionnaire, but note that overall Plaintiff is stable, and that Plaintiff is commonly managing her pain with Tylenol and Advil. (*Id.* at 355.)

Moreover, Dr. McMillian's conclusions are unsupported by her own objective findings. In February 2006, Dr. McMillian observed moderate spasm in the thoracic and lumbar regions of Plaintiff's spine, but Plaintiff's straight leg raise was negative bilaterally, deep tendon reflexes were normal, and Plaintiff's strength was 5/5 in her upper and lower extremities. (*Id.* at 347.) In July 2007, Dr. McMillian reported Plaintiff had only mild lumbar muscle and gluteal tenderness with mild spasm, negative straight leg raise bilaterally, 5/5 strength and normal reflexes her lower extremities bilaterally. (*Id.* at 462.) Upon exam, Dr. McMillian consistently reported that Plaintiff's gait, reflexes and lower extremity strength are normal. (*See id.* 401-402, 420, 432, 462.)

Importantly, the ALJ's finding is supported by the testimony of Dr. Michael S. Gurvey, a medical expert ("ME") who appeared and testified at the administrative hearing. Dr. Gurvey considered all of the medical evidence, including Dr. McMillian's treatment notes and assessments, and concluded that Dr. McMillian's opinions dated January 19, 2006 (based on Dr. McMillian's interview with Plaintiff), and February 21, 2006 (based on a limited evaluation of Plaintiff) are not supported by the medical records. He further concluded that despite Plaintiff's allegations of disabling pain, she is capable of performing light work with moderate restrictions on her ability to climb and crawl. (*Id.* at 386.)

Plaintiff also argues that the ALJ improperly evaluated Plaintiff's credibility; specifically, Plaintiff argues that having established that she suffers from a condition reasonably likely to cause the pain she claims to suffer, she is entitled to rely exclusively on

subjective evidence to establish that the extent and severity of her pain is in fact disabling. (Docket No. 11 at 19 (citing *Hines v. Barnhart*, 453 F.3d 559 (4th Cir. 2006).)

In *Craig v. Chater,* the Fourth Circuit set out a two-step process for evaluating a plaintiff's credibility regarding her subjective complaints of pain in accordance with the Commissioner's regulations. *Craig*, 76 F.3d at 594; *see also* 20 C.F.R. §§ 404.1529, 416.929 (2010); Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements* ("SSR 96-7p"). Under the *Craig* analysis, Plaintiff must first produce objective medical evidence of an impairment which could reasonably be expected to produce pain in the amount or degree she alleges. *Craig*, 76 F.3d at 594. Second, and only after Plaintiff has met the threshold obligation of showing by objective medical evidence an impairment reasonably likely to cause the pain claimed, the Commissioner must evaluate the intensity, persistence and functionally limiting effects of Plaintiff's pain. *Id.* at 595. In doing so, the regulations require the ALJ to consider the location, duration, frequency and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness and adverse side effects of any pain medication; treatment, other than medication, for relief of pain; functional restrictions; and daily activities. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 96-7p. Here, the ALJ found that Plaintiff's medically determinable impairments could be expected to produce her alleged symptoms, and that her statements concerning the intensity,

persistence and limiting effects of these symptoms are generally credible, but not to the extent alleged. (Tr. at 26.)

Having established that Plaintiff suffers from conditions that could reasonably be expected to cause pain, the ALJ may not discredit Plaintiff's subjective complaints of pain *solely* because of lack of objective evidence of pain. *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). However,

> [A]lthough [Plaintiff's] allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain [Plaintiff] alleges she suffers.

*Id.* at 565 n.3 (quoting *Craig*, 76 F.3d at 595).

Contrary to Plaintiff's assertion, the ALJ did not discount Plaintiff's subjective complaints of pain solely because of the absence of objective evidence; instead, the ALJ found that Plaintiff's testimony concerning her symptoms and limitations was inconsistent with the weight of the medical evidence. (Tr. at 27.) On review, the Court finds that this finding by the ALJ is supported by substantial evidence.

Plaintiff testified that she is in pain all of the time, she can sit or stand for no more than 30 minutes before needing to lie down, and that she needs assistance with bathing and dressing due to pain. (*Id.* at 598, 631.) However, the ALJ concluded that Plaintiff's testimony was inconsistent with the objective medical evidence. In making this finding, the

ALJ considered medical records from Plaintiff's neurosurgeon which first noted that Plaintiff was improving and doing well without her back brace, and later that she was not doing recommended exercises and that she was decreasing her pain medication. (*Id.* at 27)(citing *id.* 317-18.) The same physician later noted that Plaintiff was stable overall and was managing her back pain with over-the-counter medication. (*Id.* at 28)(citing *id.* at 355.) The ALJ also considered the opinion of consulting medical examiner Dr. Robert W. Elkins, who concluded that Plaintiff is able to perform light work with no bending, stooping, squatting, kneeling or crawling. (*Id.* at 27)(citing *id.* at 324-26.)

The ALJ is responsible for making credibility determinations. *See Craig*, 76 F.3d at 589 ("'Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ).'")(quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). The Court will "not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [Commissioner]." *Id.* (citing *Hays*, 907 F.2d at 1456). Here, the inconsistency between the severity of the pain claimed by Plaintiff and the medical record as a whole is substantial evidence in support of the ALJ's finding concerning Plaintiff's credibility.

Finally, Plaintiff argues that the ALJ's hypothetical to the vocational expert ("VE") was improper because it did not incorporate the limitation proposed by Dr. McMillian that Plaintiff would be expected to be absent from work three or more days a month due to her

impairments. (Docket No. 11 at 18.) As an initial matter, the Court notes that Plaintiff phrases her argument to challenge the ALJ's findings at step five of the sequential analysis, presumably because at step five, the burden of persuasion shifts to the Commissioner. However, here it is not a matter of whether the ALJ failed to adequately describe Plaintiff's limitations in his hypothetical question to the VE, but instead, it is a question of whether the ALJ's finding concerning the extent of Plaintiff's limitations is supported by substantial evidence. The determination of Plaintiff's residual functional capacity is an issue reserved to the ALJ. *See* 20 C.F.R. §§ 404.1527(e), 404.1545, 1404.1546. For the reasons set forth previously in the body of the decision, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for summary judgment (Docket No. 10) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 13) be granted, and that judgment be entered in favor of the Commissioner.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 23, 2011