IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JACQUELYN A. HARRIS,            )
                                )
        Plaintiff,               )
                                )
   v.                            )        1:09CV564
                                )
MICHAEL J. ASTRUE,               )
Commissioner of Social Security, )
                                )
        Defendant.               )

ORDER

This matter is before the Court on a Recommendation of the United States Magistrate Judge recommending that Plaintiff Jacquelyn A. Harris's ("Plaintiff") Motion for Judgment on the Pleadings be denied, Defendant Commissioner of Social Security's ("the Commissioner") Motion for Judgment on the Pleadings be granted, and this action be dismissed. The Recommendation was filed on February 23, 2011, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On March 8, 2011, Plaintiff filed timely Objections to the Recommendation. The Court has now reviewed de novo the Objections and the portions of the Recommendation to which objection was made, and finds that the Objections do not change the substance of the United States Magistrate Judge's ruling. The Court notes, however, that Plaintiff's objection regarding the testimony of the Vocational Expert ("VE") as to the existence of alternative work in the national economy requires additional analysis not present in the Recommendation. As such, the Court undertakes such analysis herein.

In her Objections, Plaintiff contends that, based on the residual functional capacity ("RFC"), as assessed by the Administrative Law Judge ("ALJ")[1], the VE testified to the existence of applicable jobs in California, but failed to testify to the existence of applicable jobs in North Carolina, where Plaintiff resides. Plaintiff contends that the ALJ erred in finding that the Commissioner met his burden of proving that alternative work exists in the national economy based on the VE's testimony regarding the existence work in California, because under the Regulations, "work exists in the national economy when it exists in significant numbers either in the region where [the claimant] live[s] or in several other regions of the country." 20 C.F.R. §§ 404.1566(a), 416.966(a). Plaintiff therefore contends that the lack of testimony regarding the existence of work in the North Carolina economy, the region where Plaintiff resides, precludes a finding that "work exists in the national economy."

In considering Plaintiff's objection, the Court notes that although Plaintiff is correct that the VE testified to the existence of work in California, Plaintiff fails to address the fact that the VE also testified to the existence of work in the national economy. The ALJ states in his opinion that the VE testified to the existence of 159,000 jobs in the national economy as a mail sorter, 64,190 jobs in the national economy as a collator, and 1,000,000 jobs in the national economy as a hand packager. (Tr. at 31). The Court notes that the Regulations would preclude a finding that "work exists in the national economy" if the testimony of the VE revealed merely

---

[1] The Court notes that Plaintiff also objects to the RFC determination throughout her Objections, and specifically as that determination relates to the hypothetical posed by the ALJ to the VE. However, the Court does not address Plaintiff's objections to the RFC determination herein, but rather adopts the analysis found in the Recommendation.

"[i]solated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s]." 20 C.F.R. §§ 404.1566(b), 416.966(b). However, the Regulations do not require that the Commissioner prove that work exists "in the immediate area in which [the claimant] live[s]," 20 C.F.R. §§ 404.1566(a), 416.966(a), and the number of jobs in existence nationally, per the VE's testimony (159,000 as mail sorter; 64,190 as collator; and 1,000,000 as hand packager), does not suggest that those jobs are isolated or limited to only a few locations. See Scherschel v. Barnhart, 72 Fed. Appx. 628, 629 (9th Cir. 2003). Therefore, the Court finds that the testimony of the VE with respect to existence of alternative work in the national economy is sufficient to sustain the ALJ's finding.

For the reasons set forth herein, the Magistrate Judge's Recommendation [Doc. #17] is therefore affirmed and adopted.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Judgment on the Pleadings [Doc. #10] is DENIED, that the Commissioner's Motion for Judgment on the Pleadings [Doc. #13] is GRANTED, that the Commissioner's decision is AFFIRMED, and that this action is DISMISSED with prejudice. A Judgment will be entered contemporaneously herewith.

This, the 21st day of June, 2011.

_____
United States District Judge